may please the court Matthew Coleman on behalf of the appellant Chad Alan Scott today I would like to focus the court on three main issues why this court should reverse the district court yes can you hear it okay judge King yeah this is perfect thank you all right sir proceed John yes again I'd like to focus on three issues why this court should reverse the district court first errors regarding counts one and two the violations alleging United States code 8 title 18 1519 regarding the alleged falsification of DDEA reports with the intent to obstruct impede the proper administration of justice to air it at sentencing both in the application of a 16 level cross-reference as well as a an additional four level enhancement on top of the cross-reference and three air regarding a biased juror who is known as juror number 27 first the district court committed reversible error when it prohibited the defense from referencing multiple venues available for administrative forfeiture in this case was first tried in January of 2019 in that case the district court held counts 1 through 7 the other counts were severed at a later trial in that trial in January of 2019 the district court allowed the defense to both cross-examine government witnesses as well as present our own witnesses that reference the multiple venues that are available for administrative forfeitures under the federal law as the court news from the record that trial ended in a hung jury a deadlocked jury the court declared a mistrial after the first trial but took place in August of 2019 the district court on its own raised the issue concerning the defendant's use and presentation of multiple statutes regarding administrative forfeiture there was briefing held on the first day of trial the district court issued a written ruling where the district court excluded any reference to and prohibited defense from using any reference to any other administrative forfeiture statute both in cross-examination of the government's witness Vicki Rashid who is DEA counsel as well as for our own expert witness under Montana V Egelhoff 1996 obviously a defendant is allowed the right to complete to present a complete defense when the district court excluded that evidence and prohibited the defense from presenting any evidence regarding the other statutes or the other avenues and venues that are for administrative forfeiture the defendant's constitutional rights were impugned for instance with the district court did not even touch an address in their ruling with a with a district court excluded and prohibited the defense from using 28 USC 1355 in that statute provides for forfeiture actions or proceedings which this was to take place in any any district where any of the acts or missions giving rise to the forfeiture occurred here the defendant and property was found in Houston Texas Southern District of Texas the investigation the Michelli investigation was an Eastern District of Louisiana investigation multiple defendants were prosecuted pled guilty went to trial in the Eastern District are you talking about the truck just ma'am the truck all I thought there was also evidence that he had told this drug dealer to go out and get a new truck and then he forfeited it before any proceedings that had been brought at all the record shows part of that to be correct your honor what actually occurred was Frederick Brown the drug dealer who was a cooperate at that time had purchased a truck with the drug proceeds that he had agent Scott said it part of your cooperation you need to forfeit assets that you had derived from drug trafficking that's what agent Scott did that's what Frederick Brown turned it he also forfeited a truck and some cash I mean a Rolex watch and some cash as well but he was not charged with any extortion or any anything along those lines he was simply charged with 1519 obstruction or falsification of records which obstructed some proper administration of justice the government's theory of trial was the forfeiture should have taken place in one place only the Southern District of Texas Houston that it was impossible and illegal and was improper to the administration of justice to take place in this district in the Eastern  proceedings of any sort it occurred right no not the the investigation the Michelle investigation had taken place years earlier and was ongoing and so in fact in the DEA reports themselves it says Michelle investigation with the New Orleans field department field division number from the DEA and Metairie he didn't actually confiscate the truck it was a voluntary forfeiture so it was actually provided by Frederick Brown the only difference is between Houston and that's it prong to element to under the 1519 allegations in counts one and two specifically require the government to prove that there was an obstruction and influence and an investigation was impeded that's where the government's facts fall apart we also have an insufficiency argument that we offered on the brief and I won't touch upon that too much but they're the Vicky Rashid the DEA's counsel said all you need for administrative forfeiture is probable cause proper notice and publication all three took place here she admitted that on the stand all three took place it was probable cause there was proper notice to Frederick Brown at his address in Houston and there was publication throughout the United States all three took place and as she said you're good to go at that point so that's the insufficiency argument judge but we were hamstrung and prohibited from showing a complete defense when we've got federal statutes that provide for a different venue and provide for the venue wherever the underlying acts occurred and that's what the jury never heard it also violated the law the case doctrine as we said to the court where it is error for a district court to reverse itself on identical evidentiary ruling made during the first trial bearing clear error or a change in circumstances there were no change in circumstances whatsoever I think a district court since when does law of the case bar a district court like that that's what the Tham decision came up with and in the Ninth Circuit which relied upon white versus Merthyr which is a Fifth Circuit case it can change if there's a change in circumstances or the district court decide maybe he or she they can they have to say that they ruled in clear air here all the district court said was it's irrelevant misleading and confusing all it did was it was our actual defense to prong to element to of the offense there was nothing confusing about it whatsoever it was an alternate theory on what could have happened so there was no improper administration of justice it's not just that a person can put a typo intentionally or an oversight and then that becomes a federal crime under 1519 the government must prove beyond a reasonable doubt that there was something that was obstructed the proper administration of justice or some investigation there was no such improper administration of justice because it could have been brought here as it was brought here and we were prevented from showing that to the jury at that trial next if I can move on to the second issue the district court erred in sentencing when it applied a six level reference under 2j 1.3 c1 where the district court sentenced the DEA agent appellant Scott referencing Jorge Peralta's heroin trafficking guidelines and literally adopted his guidelines under 2j 1.3 which took his base offense level from a 14 added 16 on another four levels that I get to briefly in order to cross-reference under 2j 1.3 the perjury must be in respect to a criminal offense not in respect to a criminal trial not in respect to a criminal proceeding there is a separate guideline under that same section or subsection that holds that if the perjury resulted in substantial interference with the administration of three levels as the guideline lays out an application note number one substantial interference with the administration of justice includes a premature or improper termination of a felony investigation an indictment verdict or any judicial determination based upon perjury false state false testimony or other false evidence or the unnecessary expenditure of substantial government or court resources that's what occurred here that's what the that's what the government's theory was it was not that agent Scott was helping a defendant avoid responsibility it was that he interfered with the substantial strike that he interfered with the criminal trial and it led to a premature investigation or premature conviction and that was based on false testimony that's what the conduct lays out that's where it is substantial interference the cross-reference has to be in in respect to the criminal offense and as this court has found in Martinez in 1997 that has to be very entwined and enmeshed with the offense itself so once you look at the offense then under the strict definition in the guidelines itself and includes offense means the offensive conviction or relevant conduct under 1b 1.3 relevant conduct includes the case of jointly undertaken criminal activity and includes all acts and omissions of others that occurred during the commission of the offense and preparation for that offense let me ask you a question though is it I mean this is an interesting application of this guideline to be sure it's sort of counterintuitive but at the same time didn't the judge expressly say that she would have given Scott the same sentence regardless she gave that one conclusory sentence judge she did not calculate been asking district judges to give that one conclusory sentence for some years now because of these very complications in the guidelines and I'm not sure why we we shouldn't say that that overrides any potential error here because to satisfy that heavy burden that the government would have under harmless error it has to convince convincingly prove that the incorrect guideline had no influence whatsoever over the ultimate sentence the district court here did not calculate that correct guideline range all the district court said was even if I don't use this guideline the 16 levels from a 14 to you know now basically at 36 at the end of the day which went from 37 to 46 months to 188 to 235 I'd still given the 160 months that would still be my sentence that's all she said that's all she said there was in on top of that judge as far as harmless error the government concedes is in the brief as far as the four levels so once the 16 level was adopted okay I'm backing up a little bit once it was adopted under 1b 1.5 see I believe it is then that reference range becomes the actual guideline in any chapter three adjustments as far as leadership or abuse of trust must be based on that new guideline you can't have it both ways well what's your best case for saying that we disregard the district court's statement that she would have sentenced him to this I mean the facts here from the standpoint of the apparent perversion of the justice system are pretty grotesque so what what is the why how can we disregard what the district court said we don't want to you know you can go back on resentencing and she's she's still within well within the the statutory maximum she still has to obviously under Gaul and Alfaro she has to correctly calculate the guideline range she did that the district court did not correctly calculate the guideline range it did not say if I did not give this particular sentence the guideline range would be X on top of that on the four levels as you see from the brief the two levels for leadership two levels for abuse of trust which must be based on the new on the heroin guidelines instead as a PSR lays out and as the district court said he was a leader in the perjury he abused trust in the perjury that's what she based that on that is a strict violation of 1b 1.5 chapter 3 adjustments once you then cross-reference you're now in the heroin guideline range 2d 1.1 you can be a leader in that but you have to be a leader in the drugs you can be abused trust but you have to abuse trust in the drugs the district court did not address that whatsoever in fact when the district court was giving the sentence and denied the 16 level cross-reference I had to hand an interrupter and say judge we had another objection two levels for leadership two levels for abuse of trust district court said believe you got a bit confused district court said this is in the transcript itself well I considered that objection and I overruled it yesterday because we had a two-day sentence the district court did not overrule it the day before the district court never did at a minimum at that instance say even if I don't give these four levels I would still give the 160 month sentence the government says well we should get harmless error and should extend from the 16 level cross-reference improper cross-reference then you should extend it to the four level cross-reference the district court never considered that never came up with a correct guideline range whatsoever so on that alone on those four levels harmless error is non-existent how much did the difference to the four levels make would have made it three years at a minimum in that range I mean obviously district court has discretion but we'll never know at this point and judge that's the same instance the same exact scenario that came place and that we said to the court in the United States versus car and I'll quote it if I could under section 1b 1.5 C the abuse of trust adjustments must therefore in the case of a cross-reference be applied with respect to the reference offense and not the offensive conviction I see my time is dwindling down if I could squeeze in a few moments about the last issue the co-defendants juror number 27 district court committed reversible error when it not only denied the motion for a new trial filed by Rodney Guimar Chad Scott's co-defendant but she also refused to have a hearing well of course it wasn't your client it was the co-defendant number one number two it was a high school friend apparently a Facebook friend or something number three why is that prejudicial against your client as opposed to possibly being in favor well I'll start with the last one if I could you've got charged co-defendants charged conspirators people to individuals to defend it's the only two in the court that were alleged to have been partners for years thick as thieves so to speak that's what the government's evidence is so any prejudice to him to Rodney Guimar having juror number 27 sit on that panel but my point is normally I would think normally a defendant would be thrilled to have a friendly person from way back well I'll say this as being an old trial judge myself I would never want a my co-defendants wife's ex-boyfriend sitting in judgment on me that is a guarantee judge that is a guarantee but most importantly what happened here is we don't know what the ramifications were we know that juror number 27 raised his hand and said I do have an issue with police I was arrested several years ago I didn't like the way I was treated so he knew how to raise his hand he knew how to speak when the district court said the defendants are Chad Scott and Rodney Guimar does anybody know them or any of their family members juror number 27 didn't say a word did not say a word it's not just that they've been Facebook friends judge he'd actually and judge King was on the same panel this is before the court right now and Rodney Guimar's oral argument took place in February he actually went to Rodney Guimar's wedding didn't raise his hand went to and dated the defendant's wife never raised his hand saw her in court I'm presuming because she was there after jury selection for the next 10 11 days never raised his hand whatsoever no no that means you're 27 is actually biased yes what is the theory of that well one he it was a material question that he didn't ask but how to answer honestly to me in plain language how that relationship means the juror is actually biased against your client well it's just two prongs judge once he lies about it or omits the truth about it and two if it's a valid basis for a challenge for cause valid basis the district court when it denied the the motion for a new trial said well I wouldn't have granted the challenge for cause anyway that flies in the face and we briefed this juror number 34 the government challenge for cause because juror number 34 knew of a government witness the government challenge for cause the district court granted that challenge for cause now we have a much more egregious scenario where you've got an actual juror who knows and dated no people have heard of in its wife have all sorts of relationships and the the law circumscribes certain relationships and says well those those could show actual bias and we know what those are this isn't one of those this is a more distant relationship it so I just don't understand how it shows actual bias well when he when he lies about it that's the omission that's prong one if there was not if he had raised his hand and said you know I've got this relationship the district court would have had that opportunity to to ferret that out district court did not have that opportunity I don't know anything about the other case but suppose the other case granted relief on that what would that mean for this case same relief judge same relief we've we've got we've Kate we cited cases to and I believe it's United States versus great Fifth Circuit that when all defendants suffer from the same error that any arguments and any issues raised goes to that same defendants relief judge and in fact one of the main things that came up in the oral argument I won't speak for judge King obviously but this came up was the district court's denial of the even hearing and under United States versus Phillips 1982 Supreme Court held that the remedy for allegations of juror partiality is a hearing in which defendant has the opportunity to prove actual bias okay well you've gone way over you yes ma'am that's okay you also have time for rebuttal thank you thank you all right Mr. Lieberman good morning may it please the court Mr. Lieberman from the United States if I could just start with the juror bias issue where Mr. Komen left off there's a critical distinction between this case and co-defendant Skamar's case in that Mr. Scott never raised a juror bias claim below so we're here on plain error and irrespective of what happens in the co-defendant case mr. Scott has to run through the four prongs and he on this record cannot do so he has not shown any implied bias some of the categories that judge Duncan you were referencing earlier he's not it the juror 27 was not connected to the prosecution agency not involved in the crime and there's no there's nothing in the record showing that juror 27 was actually biased against mr. Scott the fact that a juror provides incorrect or false information during voir dire is not in and of itself a basis for a new trial on this claim well just for the sake of argument I know that the these I'm pretty confident that the trial went forward against these but both of these fellows and aiding and abetting each other and it precisely the same activity so it would seem to me that if the the juror gets kicked off from one co-defendant that that automatically leads to a question about the other one so a couple responses your honor it's I haven't seen this circumstance before and if you can cite a case would help so I have not seen this circumstance either I can only cite the general standard that defendants must raise to get post trial relief on a juror bias claim and it's in it's not just the juror provided false information during voir dire is that the this court and Supreme Court have said that motives for concealing information vary and so the defendant post trial must connect the non-disclosed information to the fairness and integrity of the trial and I don't think the record here does that particularly on plain error review mr. the co-defendant mr. gamer had it preserved this claim below and so under plain error review under those four prongs the lack of a record here well just again for the sake of argument if the other and I know nothing about it not for you know nothing about it but if the other panel decided that this juror was biased or that the court aired by not holding a hearing surely that would go to the benefit of both defendants you don't keep one in prison when there's a biased jury when the other one gets a new trial do you would depend on the nature of if the district court were to fight if there were that mr. gamers case has not been decided but if there was a remand and if mr. and if the juror found actual bias it would depend I think on the nature of the district courts finding it's would the bias hit both defendants or just mr. mr. gamar and I should point out that this is something that we stressed in our brief is that this jury acquitted Scott of a charge on count 10 and so go running through the prongs of plain error particularly on the third prong the fact that this jury found mr. Scott not guilty on one of the counts in the joint trial really undercuts the claim that there was plain error in the district courts handling of this issue below of final point I'll just miss these claims only relate to of course the joint trial the standalone trial with the perjury falsification and obstruction of offenses would obviously not be affected by the juror bias claim if I could turn to this second trial claim the district courts exclusion of references to 21 USC 881 J at the second trial the district court did not abuse its discretion because the district court found as a matter of law that the statute did not apply in this case the stacks of the statute is pretty it's we have a sort of base background forfeiture rule that proceedings for forfeiture are brought where the property is found title 21 provides an additional venue rule providing for venue in title 21 drug seizures or related are related to 20 title 21 prosecutions in addition to that other venue provision a proceed it may be brought in a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or the judicial district in which the criminal prosecution is brought and the district court correctly noted I think judge Jones yeah your question mentioned this earlier the sequencing of this the seizure of the truck and the administrative forfeiture of the truck occurred before mr. Brown was a defendant in a federal criminal proceeding so this statute as a matter of law is not applicable the presentation this morning focused on how defense counsel might have used the statute at trial but this is the question of law that I'm not I'm having trouble thinking how we would ever submit to the jury what section 88 1j means and which and how it operates and so because the district court said this statute is just not applicable under the facts of this case by definition did not abuse its discretion and excluding it the defense theory this morning is basically that the statute authorized forfeiture of the truck in the Eastern District of Louisiana therefore as a matter of law I cannot be convicted of falsification of government records because all the falsities didn't affect any administration of justice the district court just kicks out that theory from the front end and just says your reading of the statute is wrong and the presentation this morning has not cited any case or any other saying that 881 j operates differently from what the district court construed it as Mr. Komen also brought up law of the case it's black letter law as I understand in this district that the law of the case doctrine does not prevent a district court from reconsidering its prior rulings this is why parties often file motions for reconsiderations before district court procedurally the law of the case argument was also raised for the first time in the reply brief at page 11 so it's abandoned but if the court would like a citation to the my proposition of law that I just cited it's bizarre now case 614 f3rd 161 at unless there are any additional questions on the trial side I'll go to the sentencing claims and clear the government views the district courts guidelines errors as proper application of the guidelines but this court if it does not want to does not have to reach any of those issues because even if the district court committed procedural error on the cross-reference or the chat the abuse of trust and leadership enhancements it was harmless because the district court did what this court has often invited district courts to do at the end of a two-day sentencing hearing the court says even if I had granted the objection the to the obstruction cross-reference and that was a plus 16 I would have imposed the same sentence what's the consequence of a plus 16 here so the plus 60 so the defense recommended range on my notes was 37 to 46 and then with the cross-reference in the other grouping rules the judge calculated the district calculated 188 to 235 right I mean it's a huge difference in the potential sentence yes your honor and I think the district court recognized that but then she says this is that record ROA 8549 the court finds that the seriousness of this offense warrants nothing less than a hundred and sixty months and then the court it's not a conclusory sentence the district court continues to walk through why it made that alternative finding found that Scott caused quote significant and far-reaching damage to the administration of justice in the Eastern District of Louisiana the court noted that multiple criminal cases from that district had to be dismissed in light of the conduct discovered in this case the government was also forced to drastically reduce its charges in many other criminal cases the court further noted that the US Attorney's Office in the Eastern District of Louisiana was forced to recuse itself from a number of cases and investigations and finally the need for law enforcement officers to diligently follow the law and in this setting where a guidelines issue is hotly disputed and a district court rules rules against the defendant overrules the objection but does that says very clearly I would have independently imposed this term under the 3553 factors this court usually quote takes the district court at its clear and plain word there's no reason for this court to deviate from that custom in this case again in light of the district court's clear familiarity with the record it presided over three criminal trials but you do you do acknowledge that this is a very bizarre application of that 2j1 whatever it is it is it is definitely unique I have not found it why didn't the government concede that to begin with I'm sorry concede that I didn't the government concede that misapplication to begin with so I don't know we're not we think the district court got it right I started off with the harmless error just because if the court doesn't want to deal with figuring out what how the cross-reference operates it could just say the district court independently tethered its sentence of the 3553 factors but I'll happily go there the district court correctly interpreted the cross-reference the cross-reference says if the offense involved perjury in respect to a criminal offense apply this cross-reference mr. Scott the jury found that mr. Scott committed perjury and it was in respect to a criminal offense the subject of his perjury was implicating or a Peralta in federal drug trafficking activity and so we think we have it on the plain language and the district court's position is also well supported by the purpose of this cross-reference and we cited to several neighboring circuits which have recognized that the purpose of this cross-reference is to address perjuries that have the potential to disrupt the investigation or prosecution of the criminal offense at issue and mr. Scott's perjury in this case plainly disrupted the government's effort to try mr. Peralta of serious drug trafficking charges so it falls plain text and purpose the the last thing that I wanted to point out and sort of in my affirmative presentation is the district court noted that under mr. Scott's presentation we would have to attribute an intent to the Commission to slice purchase different perjuries differently or punish different perjuries differently so that a perjury that falsely seeks to get somebody exonerate somebody for a criminal offense that person under mr. Scott's reading gets the enhancement but a perjury that falsely accuses somebody or falsely implicates somebody in a criminal offense under mr. Scott's view that person should be punished it doesn't get doesn't get this cross-reference and it's hard at least for me standing here to envision a world where they're sentencing Commission would distinct wanted to distinguish levels of culpability in perjuries that falsely accused versus perjuries that falsely exonerate in response to some of mr. Komen's points on Martinez the court in Martinez didn't seek to was not when it said the perjury there was enmeshed and entwined with the perjury offend with the underlying with the criminal offense the court was just quoting a district court statement the court was not interpreting the cross-reference we think that language of in respect to is is both broad and straightforward and also applies here mr. Komen also referenced that there's a separate provision in the perjury guideline about administration of justice and somehow suggests that well because that one applies the cross-reference couldn't apply the Commission however in the cross-reference itself understood that these provisions would operate in tandem because it directs sentencing courts to just apply whichever base offense level is greater and so that procedure is by definition sort of Commission understanding that these and other provisions in the perjury offense work in tandem and the district court is to run the calculations and then take whichever one is greater I'd also like to unless there are any additional questions on our the perjury side I'd like to briefly address the organ the organizer leader and abuse of trust enhancements so the district court found that these applied there's no challenge to the factual record underlying that it's just mr. Scott claims that these enhancements were off the table as a matter of law we think the best case on our side is car case which we cited it is unpublished but we think it's reasoning is persuasive from this circuit which is where district court applies the cross-reference the guidelines instruct the district court to tether any chapter 3 adjustments to the cross-reference guideline that's what happened in car in car the district court used a cross-reference 2d 1.1 the drug quantity table and then it also applied an abuse of trust enhancement under chapter 3 just like below here and this court said because the cross-reference doesn't say anything about chapter 3 enhancements because the offense level under 2d 1.1 does not take into account an abuse of trust the district court correctly applied the abuse of trust enhancement same posture here the cross-reference provision it's 2x 3.1 is silent on any chapter 3 enhancements doesn't say anything doesn't seek to constrain them doesn't direct district courts how to apply them in under that particular provision as a result the district court was free as a matter of law to do that to apply these additional enhancements the court did that's completely consistent with this course decision in car and we also noted an 11th Circuit decision Branson where the panel did face confronted a similar fact pattern and affirmed an abuse of trust enhancement off of a cross-reference guideline so for all these reasons we think the district court here correctly construed both of these guidelines provisions there was no procedural error to begin with but for the reasons that I started with at the beginning even if there was procedural error in light of the district courts alternative to ruling tethering the 160 month term to the 3553 factors anywhere error was harmless all right thank you thank you your honor we asked that the court affirmed all right mr. common rebuttal yes your honor start if I could very briefly and touch upon the standard review for juror number 27 counsel's correct we did not file a motion for a new trial we were already here Chad Scott was sentenced on August 12th his notice of appeal was filed on August 16th trial counsel withdrew and granted by the district court August 18th Rodney Guimar files his motion for a new trial August 27th so under but under rule 51 preserve preserving claimed air this is B if a does not have an opportunity to object to a ruling or order the absence of an objection does not later prejudice that party so there we did not have an opportunity what rule was that 51 be your honor preservation of air right in fact when you look to rule 33 the motion for new trial itself it actually states that district court doesn't even have jurisdiction and cannot rule upon a motion for new trial if the matter is before your honors which this one is so it wasn't like we stood silent we were already here so it was too late back on the sentencing judge if I could start with the two two-level enhancements the chapter threes the 1b 1.5 C violations and judge this is that record on appeal 85 85 47 when the district court starts to in the district court states having ruled on the objections the court adopts and recommends the findings of fact contained in the present report I didn't have to interrupt the court and said judge we still have the court is never ruled upon the trust to level enhancement and the leadership role enhancement which was assessed on the perjury as opposed to the cross-reference itself and the court stated 85 48 understand I looked at that objection yesterday and the cross reference applies the base calculation to the charge which is perjury here I calculated the two and overruled the objection that's not what the objection was the court never did overrule the objection when the district court went through the present report itself and then when I raised that on top of the 16 level increase where we go from 14 to a 30 plus the 4 plus another grouping of 2 we're at a 36 the court confused that with the cross-reference so the court this court should not look upon this particular sentence as being available to harmless air review because the court did not even calculate the correct guideline range on either one and didn't even touch it on the floor so that's not even close as far as the substance itself 1b 1.5 and obviously we cited the court to the car case as well as the 11th Circuit decision Salgado from 2014 which specifically states as the section 1b 1.5 C that provision means that where a guideline determines a defendant's offense level by reference to another offense the chapter 3 adjustments are to be based on the guideline and rules for that other offense meaning the heroin trafficking it's possible but that's not what she did here so for those reasons we'd ask the district court rulings conviction and sentence to be reversed thank you thank you sir